IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEED MUHAMMAD, | ) | |
| | ) | Civil Action |
| Petitioner | ) | No. 10-cv-00527 |
| | ) | |
| vs. | ) | |
| | ) | |
| JEROME WALSH; | ) | |
| THE DISTRICT ATTORNEY OF THE | ) | |
| COUNTY OF DELAWARE[1]; and | ) | |
| THE ATTORNEY GENERAL OF THE | ) | |
| COMMONWEALTH[2] OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents | ) | |

O R D E R

NOW, this 6th day of December, 2011, upon consideration

of the following documents:

> (1) Petition for Writ of Habeas Corpus by a Person
> in State Custody filed by petitioner Rasheed
> Muhammad pro se on January 30, 2010[3];
>
> (2) Answer to Petition Seeking Habeas Corpus
> Relief, filed by respondents on April 23, 2010;

---

[1]     Petitioner Rasheed Muhammad appears to have incorrectly named
respondent as the "District Attorney of the County of Delaware County" in his
habeas petition.  (See Petition, page 1.)  Because it is clear from a review
of the documents that petitioner intended to name the District Attorney of the
County of Delaware as a respondent, this Order will refer to the party by that
name and eliminate the superfluous second "County".

[2]     The preprinted form petition utilized by petitioner incorrectly
refers to Pennsylvania as "THE STATE OF PENNSYLVANIA".  Because Pennsylvania
is a commonwealth, I have designated respondent Attorney General in the
caption as "THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA".

[3]     Although the docket entries reflect that the petition for writ of
habeas corpus was filed February 5, 2010, petitioner indicated next to his
signature that he executed the petition on January 30, 2010.  (See Petition,
pages 11 and 18).  Pursuant to the prison mailbox rule, this court will
consider the date of filing as January 30, 2010.  The prison mailbox rule
deems a motion to have been filed on the date the petitioner delivered his
petition to prison officials to mail.  Burns v. Morton, 134 F.3d 109, 113 (3d
Cir. 1997).

(3) Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated June 29, 2010 and filed June 30, 2010 ("R & R");

(4) Petitioner's Objections to Magistrate's Report and Recommendation, which objections were filed July 21, 2010;

(5) Respondent's Response to Petitioner's Objections to the Magistrate Judge's Report and Recommendation, which response was filed August 3, 2010; and

(6) Memorandum in Support of Petitioner's Traverse to District Attorney's Response, which memorandum was filed August 24, 2010;

it appearing after review of this matter that Magistrate Judge Hart's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

IT IS ORDERED that the objections of petitioner to the Report and Recommendation of Magistrate Judge Hart are overruled.[4]

---

[4]     When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

        Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  Raddatz, supra.

(Footnote 3 continued):

_____

(<u>Continuation of footnote 3</u>):

   Petitioner is incarcerated at the State Correctional Institution Chester in Chester, Pennsylvania, where he is serving a sentence of 110 to 120 months imprisonment followed by two years probation, imposed by the Court of Common Pleas of Delaware County.  A jury convicted petitioner of various crimes arising from petitioner discharging his gun at a party, which resulted in the shooting death of a fifteen-year-old boy.  The factual and procedural history underlying petitioner's request for federal habeas relief is summarized in the R & R at pages 1-3.

   Petitioner raises three objections to the R & R, which re-argue two of the grounds raised in his habeas petition.

   Petitioner contends in his first two objections that his due process rights were violated because the evidence was not sufficient to convict him of Aggravated assault under 18 Pa.C.S.A. § 2702(a)(1).  Specifically, petitioner avers that Aggravated assault requires proof that petitioner acted with malice in shooting the victim, but he contends that the evidence only establishes that he acted with recklessness.

   In addition, petitioner avers in his third objection that his trial counsel was ineffective for failing to object to the trial court's jury instructions regarding Aggravated assault, which petitioner contends failed to define malice, and likewise failed to explain that malice needs to be proven beyond a reasonable doubt.

   Respondents contend that petitioner's objections are meritless because he fails to establish that Magistrate Judge Hart incorrectly deferred to the Superior Court of Pennsylvania's decisions, which previously considered and rejected the issues raised in the objections.  <u>See</u> 28 U.S.C. § 2254(d) and (e).

   I overrule petitioner's objections because I conclude that the objections are nothing more than a restatement of the underlying claims contained in the petition.  <u>See</u> <u>Morgan v. Astrue</u>, 2009 U.S.Dist. LEXIS 101092, at *6-11 (E.D.Pa. Oct. 30, 2009) (Buckwalter, S.J.).  Petitioner merely rehashes his arguments for habeas relief and fails to identify any errors made by Magistrate Judge Hart.

   All of the issues raised in petitioner's objections have been addressed and rejected by the Superior Court of Pennsylvania.  <u>See</u> <u>Commonwealth v. Muhammad</u>, No. 2392 EDA 2005 (Pa.Super. May 9, 2006); <u>see also</u> <u>Commonwealth v. Muhammad</u>, No. 2285 EDA 2008 (Pa.Super. Apr. 7, 2009).  Magistrate Judge Hart properly deferred to these decisions, as the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires when the state court decision is neither contrary to, nor an unreasonable application of, United States Supreme Court precedent.  <u>See</u> 28 U.S.C. § 2254(d).  Although petitioner contends that the underlying claims in the petition are meritorious, petitioner fails to identify how Magistrate Judge Hart erred in his application of the deferential AEDPA standard of review.

   Moreover, upon review of Magistrate Judge Hart's Report and Recommendation, together with de novo review of this matter, I conclude that

        (<u>Footnote 3 continued</u>):

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Hart is approved and adopted.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is dismissed without a hearing.

IT IS FURTHER ORDERED that because no reasonable jurist would find it debatable that the petition fails to state the denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:


 /s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 3):

the R & R correctly determined the legal issues raised by petitioner.

Accordingly, I approve and adopt Magistrate Judge Hart's Report and Recommendation, and overrule petitioner's objections to it.  Moreover, because no reasonable jurist would find it debatable that the petition fails to state the denial of a constitutional right, a certificate of appealability is denied.  See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000).